UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI, et al.,<br><br>        Plaintiffs,<br><br>    - against-<br><br>BNP PARIBAS S.A., et al.<br><br>        Defendants. | Civil No. 1:15-Civ-2010-JDB |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, by and through counsel, respectfully submit this Notice of Supplemental Authority in further support of Plaintiffs' Opposition to Defendant BNP Paribas, S.A.'s ("BNPP") Motion to Dismiss.

1. In seeking to dismiss Plaintiffs' claims under the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA"), BNPP argues that the statute does not permit a civil cause of action premised on secondary liability. *See* BNPP's Mot. at 26, *citing Rothstein v. UBS AG*, 708 F. 3d 82, 97-98 (2d Cir. 2013) (holding that ATA does not authorize civil liability for aiding and abetting. However, Judge Royce C. Lamberth concluded in *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 55 (D.D.C. 2010), that aiding and abetting liability was available under the ATA based on general principles of tort law, the text of the statute, and its legislative history. In applying the standard of secondary liability to the facts of *Wultz*, the court relied upon the governing standard for secondary liability in this Circuit, *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir.1983). *Wultz*, 755 F. Supp. 2d at 57. Other federal courts have similarly concluded that the ATA imposes civil liability for aiding and abetting acts of terrorism. *See, e.g.*, *In re Chiquita Brands*

*Int'l, Inc. Alien Tort Statute and Shareholder Derivative Litig.*, 690 F.Supp.2d 1296, 1309–10 (S.D. Fla. 2010) (holding that plaintiffs had stated a claim for primary liability, civil aiding-and-abetting liability, and conspiracy liability under the ATA); *Morris v. Khadr*, 415 F.Supp.2d 1323, 1330 (D. Utah 2006) (holding that civil liability under the ATA extends to aiders and abettors who provide money to terrorists).  No court in this Circuit has ever followed *Rothstein* or questioned the validity of the *Wultz* court's conclusion that *Halberstam* is the proper analytic framework for secondary liability under the ATA.

2. Nevertheless, in its Motion, BNPP relied on the uncertainty caused by the *Rothstein* decision to argue that that this Court should diverge from *Wultz* and the *Halberstam* standard of secondary liability in the context of the ATA.3

3. On September 28, 2016 Congress passed the "Justice Against Sponsors of Terrorism Act," ("JASTA"), attached hereto as Exhibit A.

4. In enacting JASTA, Congress resolved any uncertainty caused by the *Rothstein* decision and reaffirmed its intent behind the ATA finding that "[i]t is necessary to recognize substantive causes of action for aiding and abetting and conspiracy liability under [the ATA]." JASTA, Sec. 2(a)(4).  Congress specifically found that the D.C. Circuit's decision in *Halberstam* "provides the proper legal framework for how such liability should function in the context of [the ATA]." *Id*. at Sec. 2(a)(5).  Thus, Congress reaffirmed that:

> "Persons, entities, or countries that knowingly or recklessly contribute material support or resources, directly or indirectly, to persons or organizations that pose a significant risk of committing acts of terrorism that threaten the security of nationals of the United States or the national security, foreign policy, or economy of the United States, necessarily direct their conduct at the United States, and should reasonably anticipate being brought to court in the United States to answer for such activities."

JASTA, Sec. 2(a)(6).[1]

5. The legislative history of JASTA further confirms that the statute is a re-affirmation of existing law and designed to eliminate the uncertainty caused by *Rothstein*. For example, Congressman Jerrold Nadler of New York and one of JASTA's principal sponsors explained that JASTA merely confirms that aiding and abetting liability existed under the ATA:

> "Unfortunately, **because of certain court decisions misinterpreting the Foreign Sovereign Immunities Act and the Anti-Terrorism Act**, the 9/11 victims and their families have been unable to pursue their claims in court against some of the parties they believe were responsible for funding the attacks.
>
> **JASTA simply reinstates what was understood to be the law for 30 years,** that foreign states may be brought to justice for aiding and abetting acts of international terrorism that occur on American soil, whether or not the conduct that facilitated the attack occurred in the United States.
>
> Think of it this way: some courts have held that if a foreign government agent hands over a $1 million check to al Qaeda in a cafe in New York in order to fund a terrorist attack in the United States, that government can be sued in an American court. But if that same foreign agent funds the same attack by handing over the same $1 million check in a cafe in Geneva, his government should be immune from liability.
>
> **That makes no sense, and it flies in the face of what had been settled law for many years**. **We must correct these erroneous court decisions so that anyone who facilitates a terrorist attack on our people can be brought to justice.**"

Proceedings and Debates of the 114th Congress, Second Session, September 9, 2016, 162 Cong. Rec. H5239-03, at H5241-42 (attached hereto as Exhibit B) (emphasis added).

Thus, JASTA confirms that the ATA has always imposed civil liability for aiding and abetting consistent with *Halberstam* and general tort principles.

---

[1] In addition to amending the ATA, Congress also created 28 U.S.C. § 1605B removing sovereign immunity for claims against foreign states for physical injury or death occurring in the United States and caused by: (1) an act of international terrorism in the United States; and (2) a tortious act or acts of the foreign state or its officials, employees or agents. The language of the newly created §1605B is not pertinent to the pending motion to dismiss.

Respectfully Submitted,

/s/ Michael J. Miller
Michael J. Miller, Esquire
D.C. Bar No. 397689
David J. Dickens, Esquire
DC Bar No. 1003499
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Notice of Supplemental Authority was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

                    /s/ Michael J. Miller  
                    Michael J. Miller