## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI, *et al.*,<br><br>               Plaintiffs,<br><br>      -against-<br><br>BNP PARIBAS S.A., *et al.*,<br><br>               Defendants. | Civil No. 1:15-Civ-2010-JDB<br><br>Hon. John D. Bates |

### DEFENDANT BNP PARIBAS S.A.'S RESPONSE TO
### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant BNP Paribas S.A. ("BNPP"), by and through its undersigned counsel, respectfully submits this Response to Plaintiffs' Notice of Supplemental Authority dated October 12, 2016, ECF No. 23 (the "Notice").

Contrary to Plaintiffs' contention, the recently enacted Justice Against Sponsors of Terrorism Act, Public Law No. 114-222 (2016) ("JASTA"), does not change the law governing this case or otherwise detract from BNPP's showing in its briefs supporting its pending dismissal motion, ECF Nos. 13, 21, that Plaintiffs may not assert secondary liability claims under Section 2333 of the Anti-Terrorism Act (the "ATA").  Plaintiffs claim that JASTA authorizes them to plead secondary liability claims, but their Notice conspicuously fails to quote the relevant statutory text from Section 4(d)(2) of JASTA.  Section 4(d)(2)'s unambiguous terms make clear, however, that this amendment does not apply to this case.  Rather, JASTA authorizes secondary liability claims under the ATA only with respect to acts of international terrorism committed, planned or authorized by an entity that was designated a foreign terrorist organization ("FTO") at the time of the terrorist act:

LIABIILITY.—In an action under subsection (a) for an injury arising from an act of international terrorism committed, planned, or authorized <u>by an organization that had been designated as a foreign terrorist organization</u> under section 219 of the Immigration and Nationality Act (8. U.S.C. 1189), as of the date on which such act of international terrorism was committed, planned, or  authorized, liability may be asserted as to any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism.

JASTA § 4(d)(2) (emphasis added).  This provision does not apply to this lawsuit because al

Qaeda, to which the Complaint attributes the August 1998 attacks on the U.S. embassies in

Kenya and Tanzania (the "Attacks"), *see* ECF No. 1 ¶ 2, was first designated as an FTO a full

year <u>after</u> the Attacks.[1]

Furthermore, the fact that Congress created secondary liability in JASTA, but only under

circumstances <u>not</u> present here, confirms that such liability did not previously exist.  *See, e.g.*,

*Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1187 (9th Cir. 2016), *cert. denied,* --- S. Ct. ----, 2016

WL 3218942 (Oct. 3, 2016) ("Congress' decision to 'legislatively overrule' earlier

interpretations of a statute" found to be indicative of "substantive change in law"); *Chelette v.*

*Harris*, 229 F.3d 684, 686 (8th Cir. 2000) (amendment of "only some portions of a statute"

merits inference that Congress "intend[ed] no change to the law of unamended portions").

Indeed, "labeling as a 'clarification' by bill supporters of what otherwise appears to be a change .

. . is not controlling." *Beaver*, 816 F.3d at 1186.[2]

 Finally, the legislative findings recited in the prefatory text of JASTA that Plaintiffs

quote in their Notice cannot override Section 4(d)(2)'s unambiguous limitation to claims based

---

[1] *See* 64 Fed. Reg. 55,112 (Oct. 8, 1999); *see also* Bureau of Counterterrorism, U.S. Dep't of State, *Designated Foreign Terrorist Organizations*, http://www.state.gov/j/ct/rls/other/des/123085.htm; *Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 68 (D.D.C. 2014) (taking judicial notice of a terrorist designation).

[2] The district court decisions on which Plaintiffs rely in their Notice, *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 55 (D.D.C. 2010); *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Deriv. Litig.*, 690 F. Supp. 2d 1296, 1309-10 (S.D. Fla. 2010), were both overruled on the issue of secondary liability, *Wultz v. Bank of China Ltd.*, 942 F. Supp. 2d 452, 455 (S.D.N.Y. 2013); *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Deriv. Litig.*, Nos. 08-01916-MD, 08-20641-CIV-KAM, 2015 WL 71562, at *4 (S.D. Fla. Jan. 6, 2015).  Moreover, all of the U.S. Courts of Appeals that addressed this issue before JASTA was enacted have concluded that there is no secondary liability under Section 2333 of the ATA.  *See Rothstein v. UBS AG*, 708 F.3d 82, 97-98 (2d Cir. 2013); *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008).

on terrorist acts committed, planned or authorized by a designated FTO.  *See, e.g.*, *Grass Valley Terrace v. United States*, 46 Fed. Cl. 629, 633 (2000), *aff'd*, 7 F. App'x 928 (Fed. Cir. 2001) ("This Court cannot do what Plaintiffs ask, that is, to use the 'Findings and Purpose' section to create ambiguity where none exists.").  Plaintiffs cannot rely on the "Findings and Purpose" preface to JASTA to argue that *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983), provides the proper legal framework for secondary liability where secondary liability does not apply to this case under the plain meaning of Section 4(d)(2).

Accordingly, Plaintiffs' secondary liability claims should be dismissed for the reasons shown in BNPP's memoranda of law in support of its pending motion to dismiss the complaint, ECF Nos. 13, 21.

Dated:  October 14, 2016
        Washington, D.C.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Alexis Collins
    Alexis Collins (D.C. Bar # 474599)
    2000 Pennsylvania Avenue, N.W.
    Washington, D.C. 20006
    (202) 974-1500
    alcollins@cgsh.com

    Jonathan I. Blackman (*pro hac vice*)
    Lawrence B. Friedman (*pro hac vice*)
    Carmine D. Boccuzzi, Jr. (*pro hac vice*)
    Avram E. Luft (*pro hac vice*)
    Mark S. Grube (*pro hac vice*)
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000

    Attorneys for Defendant BNP Paribas S.A.