# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY OFISI, et al.,

    Plaintiffs,

    v.

BNP PARIBAS, S.A., et al.,

    Defendants.

Civil Action No. 15-2010 (JDB)

## MEMORANDUM OPINION

Before the Court is [34] plaintiffs' motion to vacate a portion of the Court's order issued on September 29, 2017, dismissing without prejudice all claims against Al Shamal Islamic Bank for failure to serve Al Shamal in the two years since this action was filed. Plaintiffs request that the Court reinstate their complaint as to Al Shamal and provide them with ninety days to complete service, or face dismissal. For the reasons explained below, the Court will grant plaintiffs' motion.

## BACKGROUND

On November 17, 2015, plaintiffs filed a complaint against two banks, BNP Paribas, S.A. (BNPP) and Al Shamal, alleging that BNPP, Sudan, Al Shamal, and al Qaeda conspired to defeat economic sanctions imposed by the United States on Sudan in 1997. Plaintiffs alleged that the 1998 terrorist attacks on the U.S. embassies in Kenya and Tanzania were carried out in furtherance of that conspiracy. They brought claims against BNPP and Al Shamal under (1) the civil liability provision of the Anti-Terrorism Act (ATA), 18 U.S.C. § 2333, (2) the Alien Tort Statute (ATS), 28 U.S.C. § 1350, and (3) for various common law torts.

BNPP was served, and moved to dismiss the complaint. See Joint Stipulation and Proposed Scheduling Order [ECF No. 5] ¶ 1; BNPP's Mot. to Dismiss [ECF No. 13]. On September 29,

2017, the Court dismissed all claims against BNPP for failure to state a claim. See Sept. 29, 2017 Mem. Op. & Order [ECF Nos. 30 & 31]. The Court also dismissed without prejudice all claims against Al Shamal because plaintiffs "have not filed an affidavit of service establishing that Al Shamal has been served with the complaint in this action, which was filed nearly two years ago, and they [had] not informed the Court of any efforts they have taken to serve Al Shamal." Sept. 29, 2017 Mem. Op. at 2 n.1; see Order at 1. Thereafter, plaintiffs moved for reconsideration of the Court's dismissal of their claims against BNPP,[1] and concurrently moved to vacate the dismissal without prejudice of their claims against Al Shamal. Pls.' Mot. for Recons. [ECF No. 33]; Pls.' Mot. to Vacate [ECF No. 34].

## LEGAL STANDARD

Plaintiffs have styled their request as a motion for relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Pls.' Mot. to Vacate at 3–4, 9. The former permits relief from "a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), while the latter applies to "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). As the text plainly states, relief under Rule 60(b) is only available "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added); see also Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008) (finding that it was Rule 54(b) that applied when the challenged order "constituted an interlocutory—rather than final—decision").

Plaintiffs contend that the September 29 Order was effectively a final order because they will be time-barred from re-filing certain common law claims against Al Shamal under applicable statutes of limitations. See Pls.' Mot. to Vacate at 4, 6–7. True, courts have held that an order of dismissal without prejudice may operate as a final order where the statute of limitations had run

---

[1] The Court has denied plaintiffs' motion for reconsideration. See Jan. 11, 2018 Mem. Op. & Order [ECF Nos. 37 & 38].

on the underlying claim at the time the claim was dismissed, thereby barring the plaintiff from refiling the claim. See, e.g., Solis v. CitiMortgage, Inc., 700 F. App'x 965, 970–71 (11th Cir. 2017); Atkinson v. Middlesex Cty., 610 F. App'x 109, 111 (3d Cir. 2015). But here, plaintiffs only contend that they will be barred from re-filing a subset of their claims (i.e., the common law claims); indeed, they assert that their ATA and ATS claims do not expire until June 30, 2024.[2] See Pls.' Opp'n to Mot. to Dismiss [ECF No. 19] at 15. By plaintiffs' reasoning, then, the September 29 Order was not a final order because it did not resolve all of their claims against Al Shamal. See Isse, 544 F. Supp. 2d at 29. Rule 60 is therefore not the proper vehicle for plaintiffs to seek relief.

The Court will instead construe plaintiffs' motion as one for reconsideration under Rule 54(b). A court may revise its own interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see Cobell v. Jewell, 802 F.3d 12, 19 (D.C. Cir. 2015) (Rule 54(b) is the proper vehicle for reconsideration of an order "while a case is still ongoing in district court"); Lucas v. District of Columbia, 214 F. Supp. 3d 1, 4–5 (D.D.C. 2016) (analyzing plaintiff's motion for reconsideration under Rule 54(b) because "the Court's order dismissing without prejudice plaintiff's First Amended Complaint was a non-final order"); see also Murray v. Gilmore, 406 F.3d 708, 712 (D.C. Cir. 2005) ("[D]ismissal of an action without prejudice is a final disposition but dismissal of a complaint without prejudice typically isn't."). This will benefit, rather than harm, plaintiffs because the standard for relief under Rule 54(b) is somewhat more flexible than that of Rule 60(b). See Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 22 (D.D.C. 2007).

---

[2] Plaintiffs contend that the statute of limitations did not begin to run on their claims until June 30, 2014—the date on which BNPP's guilty plea was made public. See Pls.' Opp'n to Mot. to Dismiss at 12–15. The Court did not need to resolve the statute of limitations issue to decide BNPP's motion to dismiss. See Sept. 29, 2017 Mem. Op. at 34 n.25. Here, the Court will assume, without deciding, that plaintiffs' position is correct.

Under Rule 54(b), a court may grant relief "as justice requires," Capitol Sprinkler Inspection, Inc. v. Guest Servs. Inc., 630 F.3d 217, 227 (D.C. Cir. 2011), which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances," Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). To determine whether "justice requires" reconsideration of a previously issued interlocutory order, the court considers whether it "patently misunderstood a party . . . has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citation omitted). Furthermore, the party moving for reconsideration under Rule 54(b) must show that some harm would accompany a denial of its motion. In Def. of Animals v. Nat'l Institutes of Health, 543 F.Supp.2d 70, 76 (D.D.C. 2008).

## ANALYSIS

It is well-established that "[d]istrict courts have inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute." Peterson v. Archstone Cmtys. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011); see also Local Civ. R. 83.23 ("A dismissal for failure to prosecute may be ordered by the Court . . . upon the Court's own motion."). However, "[b]ecause disposition of claims on the merits is favored[,] the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after less dire alternatives have been tried without success." Peterson, 637 F.3d at 418 (alterations and internal quotation marks omitted). A dismissal for failure to prosecute due to a delay in service is appropriate "'only when there is no reasonable probability that service can be obtained' or there is a 'lengthy period of inactivity.'" Angellino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012); see Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983) ("[D]ismissal is not appropriate when

there exists a reasonable prospect that service can be obtained."). Here, the Court dismissed without prejudice the claims again Al Shamal because nearly two years had passed since the complaint was filed and the record contained no evidence that plaintiffs had made any attempt to serve Al Shamal. Sept. 29, 2017 Mem. Op. at 2 n.1; see Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). Though dismissal without prejudice was appropriate based on the record before the Court when it considered the issue, plaintiffs have now provided the Court with significant new facts and demonstrated that they will be harmed absent reconsideration.

To begin with, plaintiffs have for the first time informed the Court of steps they took to serve Al Shamal, beginning shortly after they filed the complaint.[3] Pls.' Mot. to Vacate at 2–3. Specifically, plaintiffs' counsel identified and corresponded with an American lawyer, Martin McMahon, who had represented Al Shamal in prior U.S.-based litigation relating to the September 11 terrorist attacks. Approximately two weeks after filing the complaint, plaintiffs' counsel sent a letter to Mr. McMahon asking if he would be willing to accept service on behalf of Al Shamal.[4] On January 28, 2016, Mr. McMahon responded that he was in the process of being hired to represent Al Shamal in this action, and he asked plaintiffs for an extension of time to respond to the complaint in the event that he was retained. Plaintiffs' counsel last followed up with Mr. McMahon on April 13, 2016, to inquire whether he had been retained by Al Shamal and to again ask whether he would accept service. Mr. McMahon responded that he was resolving an issue concerning retainer terms, and indicated that he would accept service if retained.

---

[3] Plaintiffs' failure to bring these facts to the Court's attention earlier may be excused, in part, based on the fact that the Court dismissed the claims against Al Shamal sua sponte.

[4] The letter included a copy of the complaint and a waiver of service form pursuant to Rule 4(d). Pls.' Mot. to Vacate at 2.

Plaintiffs' initial efforts to effect service through Mr. McMahon, as opposed to other avenues, appear reasonable in light of the circumstances.[5] The Court is, however, troubled by plaintiffs' lengthy period of inactivity after this initial push—plaintiffs apparently made no further effort to follow up with Mr. McMahon after April 2016, and have not otherwise attempted to serve Al Shamal over the last twenty months. By letting this lead go cold, plaintiffs may have hindered the prospect of serving Al Shamal through U.S. counsel. But ultimately, the Court concludes that plaintiffs have shown at least a "reasonable prospect that service can be obtained." Novak, 703 F.2d at 1310; see Smith–Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988) (dismissal of plaintiff's complaint for failure to prosecute not warranted where "it is probable that service could yet be obtained"). Even if Mr. McMahon is not retained, he may know who has been or may be able to provide plaintiffs with information about how they can serve Al Shamal. The Court will therefore provide plaintiffs with a limited window to complete service, or again face dismissal. This approach is in accord with the preference in this Circuit for "'disposition of claims on the merits.'" Peterson, 637 F.3d at 418 (quoting Noble v. U.S. Postal Serv., 71 F. App'x 69, 69 (D.C. Cir. 2003)).

Plaintiffs have also shown the requisite harm to warrant reconsideration under Rule 54(b). See Cobell, 355 F. Supp. 2d at 540. Plaintiffs contend that their wrongful death claims, which have a two year statute of limitations, see Pls.' Opp'n to Mot. to Dismiss at 15 (citing D.C. Code § 16–2702), expired on June 30, 2016; and that their fraud, negligence, tortious interference with economic advantage,[6] and intentional infliction of emotional distress claims, which have a three

[5] Plaintiffs indicate that they focused on serving Mr. McMahon rather than trying other "complex, expensive, and burdensome" alternatives because Sudan's laws with respect to service are unclear, and they anticipated that Mr. McMahon would accept service on Al Shamal. Pls.' Mot. to Vacate at 2, 8.

[6] It is unclear to the Court where in the complaint plaintiffs have pled a negligence claim against Al Shamal. Moreover, the complaint indicates that the fraudulent conveyance claim (which plaintiffs recast as a claim for tortious interference with economic advantage) applies only to BNPP. See Compl. [ECF No. 1] at 75.

year statute of limitations, see id. (citing D.C. Code § 12–301(8)), expired on June 30, 2017. Although plaintiffs filed their complaint before these limitations periods expired, "once a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Battle v. District of Columbia, 21 F. Supp. 3d 42, 47 (D.D.C. 2014) (quoting Ciralsky v. CIA, 355 F.3d 661, 672 (D.C. Cir. 2004)); see Ciralsky, 355 F.3d at 672 ("[I]f the statute of limitations has run the dismissal is effectively with prejudice." (citation omitted)). As a result, plaintiffs would be time-barred from re-filing some common law claims against Al Shamal. See Pls.' Mot. to Vacate at 7. On the other hand, it is not apparent that Al Shamal would suffer any prejudice if plaintiffs have an additional ninety days to complete service.[7] On balance, then, this weighs in favor of granting plaintiffs a limited opportunity to serve Al Shamal. See Barot v. Embassy of the Republic of Zambia, 785 F.3d 26, 29 (D.C. Cir. 2015) (holding the district court erred in dismissing for failure to effect service when there was no prejudice to defendant by allowing additional time for service but plaintiff's case would be barred by the statute of limitations); see also Iskandar, 2016 WL 777915, at *5–6 (granting Rule 60(b) motion where dismissal without prejudice would preclude plaintiff from refiling her claims under the applicable statute of limitations); Fed. R. Civ. P. 4, Advisory Comm. Note to 1993 Amends., Subdiv. (m) (noting that additional time for service "may be justified . . . if the applicable statute of limitations would bar the refiled action").

---

[7] Indeed, Mr. McMahon's correspondence with plaintiffs suggests that Al Shamal is aware of this action, see Ex.3, Pls.' Mot. to Vacate [ECF No. 34-3] at 2, and hence Al Shamal "will not be subjected to any unfair surprise or prejudice." Iskandar v. Embassy of the State of Kuwait, No. CV 14-721 (CKK), 2016 WL 777915, at *4 (D.D.C. Feb. 29, 2016).

## CONCLUSION

For the foregoing reasons, the Court, in an exercise of its discretion, will grant plaintiffs' [34] motion. Accordingly, the Court will vacate its [30] September 29 Order, as to the portion dismissing without prejudice plaintiffs' claims against Al Shamal. The parts of the September 29 Order granting BNPP's motion to dismiss are not affected by this Order. Plaintiffs shall have until April 12, 2018 to serve Al Shamal. If plaintiffs do not properly serve Al Shamal by April 12, 2018, then plaintiffs' claims against Al Shamal may be dismissed.

/s/
_____
JOHN D. BATES
United States District Judge

Dated: <u>January 11, 2018</u>