**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARY OFISI, et al.,

        Plaintiffs,

            - against-

BNP PARIBAS S.A., et al.

        Defendants.

Civil No. 1:15-Civ-2010-JDB

## PLAINTIFFS' PROOF OF SERVICE
## ON DEFENDANT AL SHAMAL ISLAMIC BANK

Pursuant to Fed. R. Civ. P. 4(l), Plaintiffs, United States Government employee victims of the August 1998 bombings of the United States Embassies in Kenya and Tanzania and their families, respectfully submit this proof of service on Defendant Al Shamal Islamic Bank ("Al Shamal").

## DISCUSSION

On January 11, 2018, the Court ordered Plaintiffs to serve Al Shamal by April 12, 2018.  As described below, Plaintiffs served Al Shamal on March 5, 2018 via the clerk of court and DHL, which satisfies the requirement of "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii).  Rule 4(l) requires the filing of proof of service documents from DHL.  *See Tracfone Wireless, Inc. v. Sunstrike Int'l Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) ("The Court also finds that Plaintiff may file a copy of the FedEx 'proof of signature' (or substantially equivalent document) as proof that service has been effected pursuant to Rule 4(l)(2)(B), which provides that when service is made that pursuant to Rule 4(f)(2), service may be proved 'by a receipt signed by the addressee, or by

other evidence satisfying the court that summons and complaint were delivered to the address.' Fed. R. Civ. P. 4(l)(2)(B).").  Plaintiffs hereby describe the applicable requirements under the relevant law governing service on Al Shamal and their corresponding service efforts.

 Federal Rule 4(h)(2) prescribes the requirements for serving a corporation "not within any judicial district of the United States."  The requirements under Federal Rule 4(h)(2) are drawn entirely by cross-reference from Federal Rule 4(f).

Federal Rule 4(f) first requires a plaintiff to investigate whether there is "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).  Sudan is not a member of the Hague Conference,[1] it is not in the process of becoming a Member,[2] and has not signed onto the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, or other similar international agreements.[3]  *See* Exhibit 5, Declarations Regarding Sudanese Law from Ali Nour at ¶13.  "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," Federal Rule 4(f) next allows service on a foreign corporation "by a method that is reasonably calculated to give notice" by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" "unless prohibited by the foreign country's law". Fed. R. Civ. P. 4(f)(2)(C)(ii).

On February 20, 2018, Plaintiffs filed an affidavit with the Court requesting the clerk of court address and send four DHL packages to Al Shamal, as Fed. R. Civ. P. 4(f)(2)(C)(ii) requires.

---

[1] Hague Conference on Private International Law webpage, https://www.hcch.net/en/states/hcch-members (last visited April 4, 2018).
[2] Hague Conference on Private International Law webpage, https://www.hcch.net/en/states/other-connected-states (last visited April 4, 2018).
[3] Hague Conference on Private International Law webpage, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

*See* Docket Nos. 43-45.  Plaintiffs served Al Shamal on March 5, 2018, *see* Exhibit 2, (DHL proof of delivery/statement of final status), by sending a DHL international mail package containing the summons and complaint to the following four different "officer[s], [or] a managing or general agent", *see* Fed. R. Civ. P. 4(h)(1)(B), as identified by the website for Al Shamal:

1. Salah Mohamed Abdul Rahiem – General Manager[4]

2. Hassan Mahmoud Ahmed Abd El-Ghafar – Manager of Legal Affairs Department[5]

3. Mutasim Hassan Mahgoob – Legal Advisor[6]

4. Al Bagir Yusuf Mudawi Ahmed – Chairman of the Board[7]

Exhibit 1 (DHL Shipment Detail Report).  The DHL Shipment Detail Report lists the addressee and destination of each of the four DHL international mail packages.

DHL delivered the packages with waybill numbers 2624738270, 2624735934, 2624732983, and 2624731115 to the "Head Quarters' Address" as identified by the 2016 Annual Report and 2015 Annual Report[8] and identified as the "Main Office" on the Al Shamal website.[9]  *See* Exhibit 2, (DHL proof of delivery/statement of final status).  DHL delivered the four international mail packages to the mailroom of the bank's headquarters.  Exhibit 3 (email from DHL representative).

---

[4] Al Shamal Islamic Bank webpage, Executive Management page
https://www.shib.sd/en/page.aspx?CatID=10&SubCatid=36 (last visited April 7, 2018).
[5] Al Shamal Islamic Bank webpage, Managers of Departments page
https://www.shib.sd/en/page.aspx?CatID=10&SubCatid=37 (last visited April 7, 2018).
[6] Al Shamal Islamic Bank webpage, Legal Advisor page https://www.shib.sd/en/page.aspx?catid=10&subcatid=96 (last visited April 7, 2018).
[7] Al Shamal Islamic Bank webpage, Board of Directors page,
https://www.shib.sd/en/page.aspx?CatID=10&SubCatid=35 (last visited April 7, 2018).
[8] Address of "Head Quarters' Address" identified as "Elsayed Abdurrahman St. Eastern Khartoum- Sudan". Al Shamal Islamic Bank webpage, Annual reports page, 2016 Annual Report at 6,
https://www.shib.sd/images/doc/ENGLISH%20Annual%20final.pdf; Al Shamal Islamic Bank webpage, Annual reports page, 2015 Annual Report at 6, https://shib.sd/images/doc/English%202015.pdf
[9] Address of Al Shamal "Main Office" identified as Al-Sayed Abdurrahman Street, Khartoum- Sudan Al Shamal Islamic Bank webpage, Basic Information page https://www.shib.sd/en/page.aspx?CatID=10&SubCatid=32 (last visited April 7, 2018).

DHL requires a signed receipt for each delivery.  Exhibit 2 at 1-4.[10]  In this case, a person working in Al Shamal's mailroom named Osman Mohammed signed for all four packages.  Exhibit 2-3. "DHL courier delivery is a form of mail requiring a signed receipt, and this delivery was addressed and dispatched by the Clerk of this Court. It is also 'reasonably calculated to give notice.'"  *Dee-K Enters. v. Heveafil SDN. Bhd.*, 174 F.R.D. 376, 379 (E.D. Va. 1997).

District courts across the country have found such service of process sufficient under Rule 4(f) 2)(C)(ii).  *See Allergan, Inc. v. Dermavita, Ltd. P'ship*, CA No. 17-619 (CJC), 2017 U.S. Dist. LEXIS 214507, at *5-7 (C.D. Cal. July 26, 2017) (finding DHL delivery fulfilled the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Sharpe v. Sierra Leone Ministry of Surveys, Lands & Env't*, CA No. 13-187 (TPK), 2015 U.S. Dist. LEXIS 6187, at *16-17 (S.D. Ohio Jan. 20, 2015) (finding DHL delivery fulfilled the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Intelligender, LLC v. Soriano*, CA No. 10-125 (JRG), 2012 U.S. Dist. LEXIS 8176, at *5 (E.D. Tex. Jan. 24, 2012) (finding Federal Express delivery fulfilled the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Stiefel Labs., Inc. v. Galenium USA, Ltd. Liab. Co.*, CA No. 05-23108 (JAL), 2006 U.S. Dist. LEXIS 43973, at *2-3 (S.D. Fla. Apr. 11, 2006) (finding DHL delivery fulfilled the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, CA No. 04-9578 (TPG), 2006 U.S. Dist. LEXIS 17531, at *6 (S.D.N.Y. Apr. 6, 2006) (finding Federal Express delivery fulfilled the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)).

Therefore, Exhibits 1-3, together with the docket notation that the clerk of court initiated service, provide proof of delivery under Fed. R. Civ. P. 4(f)(2)(C)(ii).  *See Leon v. Cont'l AG*, 176 F. Supp. 3d 1315, 1319 (S.D. Fla. 2016) ("Rule 4(f)(2) provides that service of process must be proved 'by a receipt signed by the addressee, or by other evidence satisfying the court that summons

---

[10] Emily Amick of the Perles Law Firm, PC obtained the proof of delivery records from DHL.  *See* Exhibit 4, Emily Amick Declaration.

and complaint were delivered to the address.' Plaintiffs may therefore file a copy of the FedEx 'proof of signature' (or substantially equivalent document) as proof that service has been effectuated on Honda Japan.").

Under Rule 4(f), Plaintiffs must also demonstrate that service by return receipt mail is not "prohibited by the foreign country's [Sudan's] law." Fed. R. Civ. P. 4(f)(2)(C). Plaintiffs have obtained affidavits of foreign law from two independent and well-qualified Sudanese lawyers, who both reach the same conclusion: Sudanese law does not prohibit service by international mail addressed by the clerk of court. Attached as Exhibits 5 and 6 are the Declarations regarding Sudanese law on this topic from Ali Nour and Nasredeen Abdulbari. Those declarations are sufficient under Federal Rule 4(f)(2)(C). *See e.g.*, *Dee-K Enters. v. Heveafil SDN. Bhd.*, 174 F.R.D. 376, 380 (E.D. Va. 1997) ("Specifically, subsection (C) permits service of process by the subset of forms of service that, while not "prescribed" by the laws of a foreign country, are also not prohibited by those laws."); *Tatung Co. v. Shu Tze Hsu*, CA No. 13-01743 (DOC), 2014 U.S. Dist. LEXIS 187590, at *5 (C.D. Cal. Mar. 10, 2014) ("Indeed, most courts have found that in order to constitute a violation of Rule 4(f)(2)(C), the foreign laws must expressly prohibit the method of service.") (*citing Stiefel Labs., Inc.*, 2006 U.S. Dist. LEXIS 43973, 2008 WL 1548006, at *1). All DHL proof of delivery documents were obtained either from DHL's web-based electronic record system or directly from DHL representatives. *See* Exhibit 4, Declaration of Emily Amick.

## Conclusion

Plaintiffs served Defendant Al Shamal on March 5, 2018 via DHL international mail which had been addressed by the clerk of court. Sudan is not a signatory to the Hague Convention or other international agreement regarding service. Al Shamal is a foreign corporation not within any

judicial district in the United States.  Delivery of a summons and complaint as described above is not prohibited by Sudanese law.  Thus, Fed. R. Civ. P. 4(f)(2)(C)(ii) has been satisfied.

Respectfully Submitted,


/s/ Michael J. Miller
Michael J. Miller, Esquire
D.C. Bar No. 397689
David J. Dickens, Esquire
DC Bar No. 1003499
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055