UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>AL SHAMAL ISLAMIC BANK, *et. al.*<br><br>       Defendants. | CIVIL ACTION NO.: 15-CV-02010 (JDB) |

**PLAINTIFFS' MOTION TO COMPEL RESPONSE BY DEFENDANT AL SHAMAL TO INTERROGATORIES AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 33 and 37 and the prior order of this Court authorizing jurisdictional discovery, Plaintiffs in these consolidated actions, more than 150 U.S. Government employees murdered and injured on August 7, 1998 in the line of duty on behalf of the People of the United States at the U.S. Embassies in Nairobi, Kenya, and Dar-es-Salaam, Tanzania and their immediate family members, now move to compel Defendant Al Shamal Islamic Bank ("Al Shamal") to provide a complete response or objections to the interrogatories attached as Exhibit A to this Motion **on or before December 4, 2020**.  For the reasons set forth below, Plaintiffs respectfully request this Court grant Plaintiffs' motion.[1]

**I.     BACKGROUND**

As with many pending court actions, jurisdictional discovery in this matter was impacted by the ongoing COVID-19 pandemic.  The parties, thus, worked together during this period to reach accommodations to ensure this matter could proceed in an efficient manner including by

---

[1] As required by Fed. R. Civ. P. 37 and the local rules, Plaintiffs' counsel has conferred or has made reasonable effort to confer with opposing counsel concerning these interrogatories.  This has included providing Al Shamal's counsel with a copy of this motion.

propounding written discovery in lieu of a Rule 30(b)(6) deposition. By mutual agreement of the parties as detailed in the correspondence in Exhibit B, Plaintiffs served Al Shamal with interrogatories on August 31, 2020. Al Shamal agreed to respond to the interrogatories on or before October 2, 2020. *See* Exhibit B. Al Shamal did not provide any response or objections by the agreed deadline.

Counsel for Plaintiffs followed up with Al Shamal by email and telephone on October 5, 9, and 16, 2020 and sent a final letter on October 29, 2020 requiring a response by the end of the day on October 30, 2020. To date no response or objections have been received by Plaintiffs.

Notably, however, Al Shamal's counsel has not been silent on other issues. On November 4, 2020—while Plaintiffs' numerous inquiries on the status of the interrogatories were still outstanding—counsel for Al Shamal emailed Plaintiffs' counsel to ask whether Plaintiffs have reconsidered pursuing their lawsuit against Al Shamal in light of public reports that the Government of Sudan is negotiating the settlement of an entirely separate civil action with the U.S. Department of State. *See* Exhibit C. The November 4 email ignored the outstanding discovery request and related correspondence.

## II. ARGUMENT

By its complete silence in response to Plaintiffs' interrogatories, Al Shamal intentionally and willfully failed to respond to Plaintiffs' discovery. The November 4th email, which discussed the case but ignored the pending discovery requests, in particular demonstrates Al Shamal's intent not to respond. "In general, untimely objections to discovery requests are waived." *Caudle v. D.C.*, 263 F.R.D. 29, 33 (D.D.C. 2009) (citing *In re Papst Licensing GMBH & Co. KG Litig.*, 550 F. Supp. 2d 17, 22 (D.D.C. 2008)). "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Al Shamal

has raised no objections in response to the discovery. Thus, any late objections raised at this stage are waived and Al Shamal should be compelled to respond fully to each interrogatory.

This result is also consistent with the relevant standards governing discovery in this matter. A party may move to compel discovery provided that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "Courts consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C)." *Barnes v. D.C.*, 289 F.R.D. 1, 5-6 (D.D.C. 2012) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 350-52 (1978) (additional citations omitted).

First, and as outlined above, Plaintiffs have made numerous attempts to resolve this matter prior to filing this motion including by submitting a draft of this motion to Al Shamal's counsel before filing. Accordingly, there is no basis to excuse Al Shamal from its obligation to respond.

Second, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The standard for relevance is broad at the discovery stage. *See e.g.*, *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. of Am.*, 235 F.R.D. 521, 525 (D.D.C. 2006). Here, each of the interrogatories is designed to identify information relevant to this Court's assertion of personal jurisdiction over Al Shamal based on its activities relating to the August 1998 attacks. Al Shamal should be compelled to respond.

Finally, the interrogatories are consistent with the limitations on discovery set forth in the Federal Rules. Rule 26(b)(2)(C) exempts information from discovery where the Court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit ...." None of these exemptions would apply here. All of the requested information requested is both highly relevant and in virtually all cases, uniquely accessible by Al Shamal and cannot be obtained by other means.

## CONCLUSION

For the aforementioned reasons, the Court should grant Plaintiffs' Motion and enter the attached proposed order requiring Al Shamal to respond to all of the interrogatories attached as Exhibit A to this motion **on or before December 4, 2020**.

Respectfully submitted,

**/s/ Michael J. Miller**
Michael J. Miller, Esq.  (D.C. Bar No. 397689)
David Dickens (D.C. Bar No.1003499)
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224

Steven Perles, Esq. (D.C. Bar No. 326975)
Edward MacAllister, Esq. (D.C. Bar No. 494558)
Perles Law Firm, PC
1050 Connecticut Ave, NW, Suite 500
Washington, DC 20036
Telephone: 202-955-9055

Steven W. Pelak (D.C. Bar No. 408744)
Michael J. O'Leary (D.C. Bar No. 1014610)
Holland & Hart LLP
900 K Street, NW, 9th Floor
Washington, DC 20004
Telephone: (202) 654-6929

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2020, a true and correct copy of the foregoing Plaintiffs' Motion to Compel Response by Defendant Al Shamal to Interrogatories ectronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

/s/ Michael J. Miller
Michael J. Miller, Esq.