UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY OFISI, et al.,

Plaintiffs,

v.

BNP PARIBAS, S.A., et al.,

Defendants.

Civil Action No. 15-2010 (JDB)

### ATTORNEY MCMAHON'S MOTION TO WITHDRAW

COMES NOW Undersigned Counsel Martin F. McMahon & Associates (hereinafter "MFM") for Defendant, Al Shamal Islamic Bank (ASB), and hereby moves to withdraw as the Defendant's counsel because of ASB's lack of cooperation and communication.

In accordance with Local Rule 7(m) Attorney McMahon has conferred with Plaintiffs' counsel regarding this motion. Plaintiff consented to the extension of time to file tis motion but have not said whether they consent or oppose the motion for withdrawal.

This lack of communication and cooperation has greatly hindered MFM's representation of ASB and his firm's operations.

As evidence of ASB's failure to communicate MFM offers the following, supported by a Declaration from Attorney McMahon, which is attached at EXHIBIT A:

1. MFM and Associates communicates with ASB through counsel in England, Abdelgader Hashim.
2. Since July, 2020 MFM has sent XX emails asking for cooperation from ASB, including requests for naming a bank official to answer interrogatories and document requests.

3. In November Plaintiff's filed a motion to compel Defendant ASB to answer interrogators. This Court ordered that the interrogatories be answered by December 15, 2020 (Minute Order responding to Plaintiff's motion to compel. December 1, 2020).

4. In response to that order, MFM sent a detailed message to the Bank's counsel Hashim in London, informing him of the Court's order and the consequences therefrom.

5. On December 12, 2020 MFM received some documents in response to the request for a bank official to answer the interrogatories.

6. ASB responded with three documents, two of which had been submitted before. One of them provided some answers to the interrogatories propounded by Plaintiffs.

7. ASB's failure to answer basic, seemingly benign, questions is illustrative of the lack of cooperation encountered by Defendant's counsel.[1]

In light of the clients' lack of communication and cooperation, MFM will not be able to respond to the Plaintiffs interrogatories or any other litigation obligations.

As a result, MFM respectfully requests that the Court allow MFM to withdraw.

**ARGUMENT**

**Local Rule 83.6 provides a mechanism for withdrawal by an attorney**

LCvR 83.6 (c) states that "an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case…"

---

[1] In the interest of protecting attorney client privilege, Counsel can supply illustrative documents under seal if the Court so desires.

LCvR 83.6 (d) "provides that a court may deny an attorney's motion for leave to **withdraw** if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice."

In *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 175 (D.D.C. 2003), the D.C. Circuit reiterated the rule stating: " In reaching its ruling, the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation…"

This case was filed five years ago. That was followed by several motions over the course of three years.

On October 9, 2020, Plaintiffs file an amended complaint which appears to attempt to bring back BNP Paribas, S.A. which this Court dismissed from the case in September 2017 (ECF 31). The amended complaint spawns a new beginning in the case and, Defendant's law firm believes, provides a clean break for his withdrawal.[2]

Martin F. McMahon and Martin F. McMahon and Associates asks this Court to allow them to withdraw from the above captioned case.

Respectfully submitted,

Dated: January 4, 2021

                                           */s/ Martin F. McMahon*

                                           Martin F. McMahon, Esq.
                                           D.C. Bar Number: 196642
                                           Martin F. McMahon & Associates
                                           1717 K Street, N.W., Suite 900
                                           Washington, D.C. 20006
                                           (202) 862 - 4343
                                           mm@martinmcmahonlaw.com

---

[2] Local Rule 83.6(c) also requires that this motion be accompanied by a by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel…" That certificate is attached at Exhibit B.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI, et al.,<br><br>   Plaintiffs,<br><br>      v.<br><br>BNP PARIBAS, S.A., et al.,<br><br>   Defendants. | Civil Action No. 15-2010 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Local Civil Rule 83.6; and

2. The record herein.

          */s/ Martin F. McMahon*

          Martin F. McMahon, Esq.
          D.C. Bar Number: 196642
          Martin F. McMahon & Associates
          1717 K Street, N.W., Suite 900
          Washington, D.C. 20006
          (202) 862 - 4343
          mm@martinmcmahonlaw.com

**EXHIBIT A**

## DECLARATION OF MARTIN F. MCMAHON

1. My name is Martin F. McMahon. I am over the age of 18. I give this declaration under the penalty of perjury.

2. I have represented Al Shamal Arab Bank since May of 2018. Until the last year I had little to no issues representing the bank. But during the past year, I have been frustrated in part due to the lack of communication, or sometimes extremely delayed communication, through an attorney in London who acted as liaison between for my firm and ASB. He also suggested that the bank hire us in the first place.

3. We frequently passed on urgent questions related to this litigation to the bank through the London attorney.

4. In the past he has been quite helpful in convincing ASB to produce documents and respond to our questions. He had put affiant in touch with a certain Dr. Zyada, who was presented as the bank's spokesman for the case.

5. During 2020 as more issues came to the fore, communication became more difficult and less routine.

6. In mind-2020, the affiant was informed that the bank had changed hands and the status of Dr Zyada became more questionable, leading affiant to believe Dr. Zyada was no longer representing the bank.

7. Furthermore, a new bank representative with whom affiant could rely upon was not put forward.

8. In addition, the Country of Sudan has recently received blanket exemption in terms of current and future sanctions which could result in ASB no longer being in the favor of the government of Sudan. Before 911, ASB was a prominent commercial bank, but it now appears that the current administration a deemed it unnecessary or inappropriate to support ASB or its progeny.

9. The result has been a breakdown in communication between affiant and ASB.

10. For example, in the last couple of months, when I have had difficulty getting ASB to timely respond to discovery issues—as evidenced by the Court ordered motion to compel.

11. I am also concerned about the new bank owner's commitment to the case. As it drags on, our tie to the bank becomes more tenuous.

12. Over the course of the past year, we have sent more than a dozen emails and other inquiries to the client (mostly through London liaison) in an effort to establish a line of communication that would allow us to comply with the rules relating to the case.

13. We have asked repeatedly for information we needed to properly defend the client in this litigation, particularly with regard to routine discovery requests. ASB has failed to provide requested documents and has failed to answer even simple, benign interrogatories properly submitted by Plaintiffs.

14. It is unfair and not consistent with attorney-client relations to keep us in the dark. I feel we cannot function under such circumstances as an attorney advising a client, nor can we effectively and zealously represent the client.

15. I have informed ASB's London liaison of my intention to be released from the case.

Respectfully submitted,

/s   *Martin F. McMahon*
Martin F. McMahon, Esq.

Executed on January 4, 2021

**EXHIBIT B**

**Local Rule 83.6(c)CERTIFICATE OF SERVICE**

I certify that on January 4, 2021, I filed the foregoing ATTORNEY MCMAHON'S MOTION TO WITHDRAW with the Attorney Abdelgader Hashim, liaison counsel for Defendant Al Shamal Arab Bank via electronic mail.

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.

**Local Rule 83.6(c)CERTIFICATE OF SERVICE**

I certify that on January 4, 2021, I filed the foregoing ATTORNEY MCMAHON'S MOTION TO WITHDRAW with the Abdallah Noureldin Ahmed, Acting CEO of Balad Bank, via electronic mail through liaison counsel Abdelgader Hashim.

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served the foregoing through the Court's electronic transmission facilities and emailed to all relevant parties on January 4, 2021.

                                              */s Martin McMahon*
                                              Martin F. McMahon, Esq.