UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI, et al., <br><br> Plaintiffs, <br><br> - against- <br><br> AL SHAMAL ISLAMIC BANK., *et a*l. <br><br> Defendants. | Civil No. 1:15-CV-2010-JDB |

**PLAINTIFFS' OPPOSITION TO ATTORNEY MCMAHON'S MOTION TO WITHDRAW AS COUNSEL FOR AL SHAMAL ISLAMIC BANK**

Plaintiffs, United States Government employee victims of the August 1998 bombings of the United States Embassies in Kenya and Tanzania and their families (the "Ofisi Plaintiffs" or "Plaintiffs"), respectfully submit this Opposition to Martin F. McMahon & Associates' Motion to Withdraw as counsel for Defendant Al Shamal Islamic Bank ("Al Shamal").

**INTRODUCTION**

Martin McMahon ("Mr. McMahon") is currently the only counsel of record for Al Shamal; a client he has continuously represented in this case since 2018.[1] Since his initial appearance on behalf of Al Shamal, Mr. McMahon has assisted his client in preparing motions and status reports, requesting extensions and agreeing to scheduling deadlines, responding to discovery, and most recently filing an answer to Plaintiffs' amended complaint. Plaintiffs have no reason to contest Mr. McMahon's representations regarding his difficulty in communicating with his client. Nevertheless, the motion and accompanying declaration clearly demonstrate that there has not been

---

[1] Mr. McMahon has represented Al Shamal in U.S.-based litigation since at least 2003.

a complete breakdown in communication between Al Shamal and Mr. McMahon. Nor is there any assertion that Al Shamal has refused to compensate Mr. McMahon for his services.

The granting of Mr. McMahon's motion would result in an indefinite stay of the litigation and, thus, would significantly prejudice Plaintiffs. The rules of this Court recognize the need to avoid this type of prejudice when moving to withdraw as counsel. Local Rule 83.6(c) governing such motions provides, in relevant part, that

> "[u]nless the party is represented by another attorney or the motion is made in open court in the party' s presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case pro se or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion."

D.C. LCvR 83.6(c).[2]

There is no indication that Al Shamal has obtained substitute counsel and, as a corporation, Al Shamal cannot proceed *pro se*. *See United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No. 10-CV-1094 (BAH), 2018 WL 10758867 at *1 (D.D.C. Aug. 9, 2018); *citing Bristol Petroleum Corp. v. Harris*, 901 F. 2d 165, 166, n. 1 (D.C. Cir. 1990)); *Alexian Brothers Medical Center v. Sebelius*, 63 F. Supp.3d 105, 108 (D.D.C. 2014) ("[C]orporate entities are not permitted to appear *pro se* and, therefore, absent counsel, this action will be dismissed"). Accordingly, the Court should not grant Mr. McMahon's withdrawal until and unless Al Shamal retains replacement counsel who appears on their behalf in this matter.

## **ARGUMENT**

Plaintiffs' filed the instant lawsuit against Al Shamal on November 17, 2015. On March 19, 2019, the Court denied Al Shamal's motion to dismiss without prejudice and ordered

---

[2] Although the affidavit in support of Mr. McMahon's motion notes that he served the bank with a copy of his motion, it is unclear whether he also advised them to obtain new counsel.

jurisdictional discovery specific to Al Shamal's "forum contacts in connection with the attacks." [Dkt. No. 68; Memorandum Opinion at 16]. Plaintiffs' efforts in obtaining jurisdictional discovery from Al Shamal was significantly delayed due to "scheduling issues" and communication difficulties between Mr. McMahon and Al Shamal. [Dkt. No. 72; Al Shamal's Motion for Extension of Time]. Al Shamal eventually produced limited discovery after Plaintiffs' agreed to extend the discovery deadline and modified and limited their discovery requests.[3] After the deadline for jurisdictional discovery expired, Al Shamal filed their Answer to Plaintiffs' Amended Complaint. [Dkt 79]. The granting of Mr. McMahon's motion would once again bring this case to a standstill with no foreseeable end in sight. Such an indefinite delay in the proceedings would be unfairly prejudicial to plaintiffs and is not in the interest of justice.

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Laster*, 460 F. Supp. 2d at 113 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). Under Local Civil Rule 83.6, the Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). The Court may also consider other factors such as the length of time the case has been pending and the time it would take for the party to secure successor counsel, the degree of financial burden that counsel would suffer if the court required him to remain in the case, and "the disruptive impact that the withdrawal will have on the prosecution of the case." *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (citations omitted).

---

[3] Plaintiffs' motion to compel responses to Interrogatories remains pending. [Dkt. 78].

Plaintiffs would not oppose Mr. McMahon's motion to withdraw if it were accompanied by a substitution of counsel. Mr. McMahon's motion and declaration, however, provide no indication of when or even whether Al Shamal intends to secure new counsel.[4] Without replacement counsel, the granting of Mr. McMahon's motion would undoubtedly result in an undue delay of the proceedings which have already been pending for more than five years. For these reasons, this Court has routinely denied motions to withdraw when defense counsel fails to identify replacement counsel. *See Owens v. Republic of Sudan*, 174 F. Supp. 3d at 251; *United States ex. rel. Scutellaro v. Capitol Supply*, 2018 WL 10758867 at *1 (noting defense counsel's first motion to withdraw was denied because "defense counsel ha[d] failed to name other counsel representing the defendant in the proceedings before this Court.").

In *Owens*, counsel for the Government of Sudan moved to withdraw on the basis that "Sudan had 'made no payment for any of the legal services provided to date,' and that there had been a 'lack of effective communication from the client' on legal issues." 174 F. Supp. 3d at 251. Eventually, Sudan stopped responding to counsel's communications entirely. *Id*. Nonetheless, counsel's requests to withdraw were not granted until more than two years later. *Id*. at 251-252.

The circumstances outlined by Mr. McMahon stand in stark contrast to *Owens*. Al Shamal continues to communicate with Mr. McMahon. Indeed, on December 15, 2020, the day *after* Mr. McMahon filed his first motion for extension of time to file a motion to withdraw, Al Shamal produced additional documents in response to plaintiffs' discovery. The fact that communication between Mr. McMahon and Al Shamal is difficult is not a sufficient basis for withdrawal—

---

[4] In the underlying lawsuit, the Government of Sudan made the strategic decision not to secure new counsel until after default judgment was entered. *Owens v. Republic of Sudan*, 174 F. Supp. 3d 242, 258 (D.D.C. 2016). Plaintiffs have legitimate concerns that Al Shamal will take a similar approach in this case.

particularly when measured against the significant prejudice to Plaintiffs from the delay that will result if Al Shamal does not retain substitute counsel. Accordingly, until and unless Al Shamal obtains substitute counsel, Mr. McMahon's motion should be denied.

                    Respectfully Submitted,

                    /s/ Michael J. Miller
                    Michael J. Miller, Esquire
                    THE MILLER FIRM, LLC
                    108 Railroad Avenue
                    Orange, VA 22960
                    Tel: (540) 672-4224
                    Fax: (540) 672-3055

                    *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Opposition to Attorney McMahon's Motion to Withdraw as Counsel for Al Shamal Islamic Bank was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

/s/ Michael J. Miller
Michael J. Miller