UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OFISI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AL SHAMAL ISLAMIC BANK, et al.,<br><br>    Defendants. | Civil Action No. 15-2010 (JDB) |

**MEMORANDUM OPINION**

Six years into this litigation, and nearly three years into his client's involvement in this matter, Martin F. McMahon seeks to withdraw as counsel for Al Shamal Islamic Bank ("Al Shamal"), due to his client's lack of cooperation and communication. Plaintiffs object, contending that because no replacement counsel has been secured, withdrawal would indefinitely delay this case. For the reasons explained below, the Court will deny Mr. McMahon's motion at this time.

**Background**

Plaintiffs are victims of the 1998 terrorist bombings of U.S. embassies in Kenya and Tanzania. Plaintiffs brought suit against BNP Paribas, S.A. ("BNPP") and Al Shamal in November 2015, "alleging that the embassy attacks were part of a conspiracy among BNPP, Al Shamal, the Republic of Sudan, and al Qaeda to defeat economic sanctions the United States imposed on Sudan in 1997." Ofisi v. Al Shamal Islamic Bank, 2019 WL 1255096, at *1 (D.D.C. Mar. 19, 2019). After the Court dismissed plaintiffs' claims against BNPP, Ofisi v. BNP Paribas, S.A., 278 F. Supp. 3d 84, 92 (D.D.C. 2017), plaintiffs served Al Shamal with their complaint in March 2018, Joint Stip. of Service of Al Shamal [ECF No. 56]. Al Shamal retained Mr. McMahon as defense counsel shortly thereafter. Id. Al Shamal then moved to dismiss for lack of personal

1

jurisdiction and for failure to state a claim.  Al Shamal's Mot. to Dismiss [ECF No. 57].  In March 2019, the Court dismissed plaintiffs' claims under the Alien Tort Statute, but denied the remainder of the motion without prejudice and ordered the parties to conduct "limited jurisdictional discovery" regarding Al Shamal's "forum contacts in connection with the attacks."  Ofisi, 2019 WL 1255096, at *1, *8.

In accordance with the parties' proposal, the Court set a February 7, 2020 deadline to complete discovery and imposed interim deadlines for document requests, a deposition of Al Shamal's corporate designee, interrogatory requests, fact witness depositions, and requests for admission.  See Order (Apr. 24, 2019) [ECF No. 71] at 2.  In July 2019, Mr. McMahon filed an unopposed motion for a two-month extension, explaining that (1) "significant visa issues" had delayed bank personnel's ability to meet with him in Europe to "prepare a complete response to Plaintiff's discovery requests"; and (2) "scheduling issues and [his] other obligations" had delayed plans to "meet with a new bank official" who would coordinate Al Shamal's discovery efforts.  Unopposed Mot. for Extension of Time to Complete Jurisdictional Disc. ("Mot. for Extension") [ECF No. 72] at 1.  Al Shamal "anticipate[d] that these issues [would] be resolved in the next 30 days."  Id.  The Court granted the motion, extending the close of discovery to April 7, 2020.  Order (Aug. 1, 2019) [ECF No. 73] at 2.

On August 27, 2020, the parties filed a joint status report, stating that they had "engaged in jurisdictional discovery" and that, despite "delays in the discovery process due to the civil unrest" in Sudan and "the COVID-19 pandemic," the parties had "cooperated to work through these hurdles."  Joint Status Report (Aug. 27, 2020) [ECF No. 74] at 2.  The parties noted that the jurisdictional discovery period had closed and did not mention any outstanding discovery issues.  Id.  Adopting the parties' proposal, the Court ordered plaintiffs to file an amended complaint by

October 9, 2020 and Al Shamal to respond by November 9, 2020.  Min. Order (Aug. 28, 2020). Plaintiffs timely filed their amended complaint, but Al Shamal missed its response deadline.  Al Shamal ultimately answered the amended complaint on November 30, 2020, after the Court once again ordered it to do so.  <u>See</u> Answer to Am. Compl. [ECF No. 79]; Min. Order (Nov. 16, 2020). In its answer, Al Shamal continues to deny that personal jurisdiction is proper.  Answer to Am. Compl. at ¶¶ 71–88.

Around this time, the Court came to learn that jurisdictional discovery was not in fact complete.  On November 11, 2020, plaintiffs moved to compel Al Shamal to respond to interrogatories, asserting that Al Shamal had ignored the parties' agreed-upon October 2, 2020 due date and Mr. McMahon had not replied to plaintiffs' multiple attempts to contact him.  <u>See</u> Pls.' Mot. to Compel Resp. by Def. Al Shamal to Interrogs. & Incorp. Mem. of Law [ECF No. 78] at 1–2.  The Court granted the motion as conceded when Al Shamal failed to oppose it.  <u>See</u> Min. Order (Dec. 1, 2020).  Specifically, the Court ordered that "Al Shamal shall respond <u>in full</u> to plaintiffs' interrogatories by not later than December 15, 2020" and advised that if "Al Shamal fail[ed] to comply with this Order, appropriate sanctions [might] be imposed pursuant to Fed. R. Civ. P. 37."  <u>Id.</u>  On December 14, 2020, Mr. McMahon moved to extend that deadline while the he prepared a motion to withdraw as counsel for Al Shamal.  Mot. for Extension of Time to File [ECF No. 80].  After directing Mr. McMahon to refile his request in compliance with Local Civil Rule 7(m), the Court suspended the deadline for Al Shamal to answer plaintiffs' interrogatories and ordered briefing on the motion to withdraw.  Min. Order (Dec. 23, 2020).

Mr. McMahon has now moved to withdraw on the grounds that his client has stopped communicating and cooperating effectively with him regarding plaintiffs' discovery requests. Att'y McMahon's Mot. to Withdraw ("Mot. to Withdraw") [ECF No. 82] at 1.  Plaintiffs oppose

3

the motion because Al Shamal lacks substitute counsel and Mr. McMahon's withdrawal at this stage would significantly delay progress in the case. Pls.' Opp'n to Att'y McMahon's Mot. to Withdraw ("Pls.' Opp'n") [ECF No. 83] at 1–2. The motion is now fully briefed and ripe for the Court's consideration.

## Legal Standard

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." Sabre Int'l Sec. v. Torres Adv. Enter. Sols., LLC, 219 F. Supp. 3d 155, 157 (D.D.C. 2016) (quoting Laster v. District of Columbia, 460 F. Supp. 2d 111, 113 (D.D.C. 2006)); see also Byrd v. District of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003). An attorney's withdrawal from a civil case is governed by Local Civil Rule 83.6. When, as here, an attorney wishes to withdraw and his client "is not represented by another attorney," a formal motion must be filed and granted by the court. Local Civ. R. 83.6(c). And unless that "motion is made in open court in the party's presence," it must "be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to . . . object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion." Id.

A court may deny a motion to withdraw if granting it "would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." Local Civ. R. 83.6(d). As part of this analysis, courts often consider "the length of time the case has been pending, the time it would take for the party to find and secure new counsel, and the degree of financial burden counsel would undergo if he continued to represent the party in the case." Sabre Int'l Sec., 219 F. Supp. 3d at 158 (citing Barton v. District of Columbia, 209 F.R.D. 274, 277–78

(D.D.C. 2002)). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." Id. (quoting Laster, 460 F. Supp. 2d at 113).

### Analysis

Mr. McMahon seeks to withdraw as counsel for Al Shamal on the ground that his client's "lack of communication and cooperation has greatly hindered [his] representation of [Al Shamal] and his firm's operations." Mot. to Withdraw at 1.  He argues that plaintiffs' "amended complaint spawns a new beginning in the case" and "provides a clean break for his withdrawal." Id. at 3. Plaintiffs object because Al Shamal lacks substitute counsel and they fear that Mr. McMahon's withdrawal would "result in an indefinite stay of the litigation," which has now been underway for several years. Pls.' Opp'n at 2.  The Court concludes that allowing Mr. McMahon to withdraw at this stage would not serve the interest of justice and hence will deny his motion at this time.

For starters, Mr. McMahon has not satisfied the service requirements in Local Civil Rule 83.6(c).  He provides two "certificates of service" stating that he "filed" his motion to withdraw "by electronic mail" with (1) "Attorney Abdelgader Hashim, liaison counsel" for Al Shamal and (2) the "Acting CEO of Balad Bank" "through" Mr. Hashim.[1]  Mot. to Withdraw at 9.  But neither certificate "list[s] the party's last known address" nor contains "a notice advising the party to obtain other counsel" or "to notify the Clerk [of any objection] in writing within seven days of the service of the motion," as required by Rule 83.6(c).  Furthermore, there is no evidence that Mr. Hashim—who is not listed on the bank's website and no longer appears to be an effective liaison

---

[1] Though Mr. McMahon does not clarify, "Balad Bank" appears to be same entity as Al Shamal. See Balad Bank, The Banker Database, https://www.thebankerdatabase.com/index.cfm/banks/96/Balad-Bank (last visited Mar. 2, 2021) (stating that Balad Bank was "formerly known as Al Shamal Islamic Bank").  Mr. McMahon also indicates that he asked Mr. Hashim to transmit the motion to "Abdallah Noureldin Ahmed, Acting CEO of Balad Bank." Mot. to Withdraw at 9.  The Court understands the intended recipient to actually be "Abdullah Noureddin Ahmed," who is listed on Balad Bank's website as the "Deputy General Manager." Executive Management, Balad Bank, https://baladbank.com/executive-management/?lang=en (last visited Mar. 2, 2021).

between Mr. McMahon and the bank, as discussed infra—in fact transmitted the motion to the appropriate officials at Al Shamal.[2]  These deficiencies leave the Court without adequate assurances that Al Shamal has been informed of its right to object to Mr. McMahon's withdrawal and advised to hire substitute counsel.  See United States ex rel. Scutellaro v. Capitol Supply, Inc., 2018 WL 10758866, at *2 (D.D.C. Jan. 17, 2018) (denying motion to withdraw where certificate of service lacked "a notice advising the defendant to obtain other counsel or to file its objection to the withdrawal in writing with the Clerk of Court").

The record also does not establish that there has been a sufficient breakdown in relations between Mr. McMahon and Al Shamal to warrant his withdrawal at this stage of proceedings.  Mr. McMahon describes the "breakdown in communication" with his client as follows: although he had long communicated effectively with Al Shamal through Mr. Hashim—the lawyer in England who had been his "liaison" with the bank—"during the past year," Mr. McMahon has grown "frustrated in part due to the lack of communication, or sometimes extremely delayed communication, through" Mr. Hashim.[3]  Mot. to Withdraw at 6.  Mr. McMahon had also worked directly with a bank spokesman named Dr. Zyada on prior occasions, but after Al Shamal "changed hands" in mid-2020, a new spokesman was never put forward.  Id.  Mr. McMahon has sent "more than a dozen emails and other inquiries to [Al Shamal] (mostly through [the] London liaison)" in the last year, but Al Shamal has not "provide[d] requested documents and has failed to answer

---

[2] Indeed, the attorney contact listed on Balad Bank's website is Mutasim Hassan Mahgoob Mohamed.  Legal Advisor, Balad Bank, https://baladbank.com/legal-advisor/?lang=en (last visited Mar. 2, 2021).  The Court does not know if Mr. Mohamed replaced Mr. Hashim following the bank's change of ownership in mid-2020, if Mr. Hashim works under Mr. Mohamed, or if Mr. Hashim is retained as outside counsel.  But, at the very least, in addition to Mr. Hashim and Mr. Ahmed, Mr. Mohamed appears to be another relevant point of contact at Al Shamal.

[3] The record is not consistent regarding when these communication and cooperation challenges arose.  For example, at various points, Mr. McMahon states that these issues have affected his representation for "the last couple of months," "the past year," and "the past 18 months."  See Mot. to Withdraw at 7; Att'y McMahon's Reply to Pls.' Opp'n to Mot. to Withdraw ("McMahon's Reply") [ECF No. 84] at 1.  Furthermore, it is not evident whether the "breakdown in communication" has been with Mr. Hashim, or with officials at Al Shamal.

even simple, benign interrogatories." Id. at 7.

Despite these setbacks, Mr. McMahon does acknowledge that Al Shamal sent him three documents on December 12, 2020, two of which were duplicative, but one of which "provided some answers" to plaintiffs' interrogatories. Id. at 2. Plaintiffs likewise note—and Mr. McMahon does not dispute—that "Al Shamal produced additional documents" on December 15, 2020. Pls.' Opp'n at 4. Hence, notwithstanding the challenges that Mr. McMahon describes, there has been at least some recent communication and cooperation on Al Shamal's part. And the Court agrees with plaintiffs that, at the present juncture, "[t]he fact that communication between Mr. McMahon and Al Shamal is difficult is not a sufficient basis for withdrawal—particularly when measured against the significant prejudice to Plaintiffs from [any resulting] delay," as well as to Al Shamal. See id. at 4–5; see also Sec. Title Guar. Corp. of Baltimore v. 915 Decatur St. NW, LLC, 2020 WL 474449, at *1–2 (D.D.C. Jan. 29, 2020) (granting withdrawal motion after defendant had not responded to counsel's "recent contact attempts" and counsel had "not been able to contact or communicate [with] Defendant . . . for a long period of time"); In re Terrorist Attacks on Sept. 11, 2001, 2019 WL 1434449, at *4 (S.D.N.Y. Mar. 31, 2019) (denying withdrawal motion even though client had "at times, taken multiple weeks to respond to [his attorney's] emails").

Mr. McMahon's withdrawal at this particular juncture also raises other concerns. The parties have litigated this action for nearly three years and no doubt expended substantial resources in doing so. As a corporation, Al Shamal cannot proceed pro se. Alexian Bros. Med. Ctr. v. Sebelius, 63 F. Supp. 3d 105, 108 (D.D.C. 2014). No replacement counsel has been secured, nor has there been a showing that Al Shamal "had ample notice and time to obtain alternate counsel." See Laster, 460 F. Supp. 2d at 114. For that matter, Mr. McMahon has not given the Court any reason to believe that new representation would quickly come aboard were the Court to grant the

present motion.

Under these circumstances then, Mr. McMahon's withdrawal is likely to halt the parties' progress in this case, including the completion of jurisdictional discovery, as ordered by the Court. See Mem. Op. & Order (July 22, 2016) [ECF No. 99] at 1–2, Cont'l Transfer Tech. Ltd. v. Fed. Gov't of Nigeria, Civ. A. No. 08-2026-PLF-GMH (D.D.C.) (denying counsel's motion to withdraw where permitting withdrawal "would unduly delay these proceedings even further and would further prejudice the plaintiff in its efforts to enforce earlier decisions of this Court"). This would no doubt have a "disruptive impact" on plaintiffs' ability to prosecute their case, see Laster, 460 F. Supp. 2d at 113, but could also prejudice Al Shamal, were plaintiffs now to obtain a default judgment against it, despite its endeavors to defend this lawsuit for the last three years. See Scutellaro, 2018 WL 10758866, at *2 (finding "the prejudice to the defendant, if left unrepresented in this action, is high" in part because the case had been pending for several years); see also McMahon's Reply at 1 (acknowledging that withdrawal "could result in a denial of due process for" Al Shamal). Moreover, given that jurisdictional discovery is well underway—if not near its end[4]—the Court does not agree that this stage of proceedings provides "a clean break" for Mr. McMahon's withdrawal. See Mot. to Withdraw at 3; see also Byrd, 271 F. Supp. 2d at 177 (concluding that withdrawal would unduly delay litigation where "the case ha[d] been pending for almost a year and the deadline . . . to complete discovery [was] almost one month away").

It is also relevant that Mr. McMahon does not contend that "Al Shamal has refused to

---

[4] To be sure, the Court is not certain how much discovery remains to be completed. The deadline for jurisdictional discovery closed ten months ago, and the parties never requested an extension beyond that date. Indeed, prior to the filing of plaintiffs' motion to compel, the Court assumed that discovery had concluded. Nevertheless, the parties have made clear that both sides have expended substantial resources in conducting jurisdictional discovery. The parties began this process in April 2019 and have since represented that they have made substantial progress, see Joint Status Report (Aug. 27, 2020), and that Al Shamal has produced at least "limited discovery," see Pls.' Opp'n at 3. Mr. McMahon also reported extensive plans to meet with various bank officials to prepare discovery responses in the summer of 2019, see Mot. for Extension at 1, though it is not clear if these meetings ever took place.

compensate [him] for his services," including his recent efforts to prepare an answer to plaintiffs' amended complaint and produce additional documents in discovery. Pls.' Opp'n at 2. Hence, while courts are reluctant to refuse an attorney's motion to withdraw when he "has not been paid, and yet must continue to work for the client at his . . . own expense," Partridge v. Am. Hosp. Mgmt. Co., 289 F. Supp. 3d 1, 25 (D.D.C. 2017) (quoting Honda Power Equip. Mfg., Inc. v. Woodhouse, 219 F.R.D. 2, 6 (D.D.C. 2003)), no such circumstances counsel in favor of granting Mr. McMahon's motion here.

The Court will not, therefore, allow Mr. McMahon to withdraw as counsel for Al Shamal at this time. Nonetheless, Mr. McMahon offers a troubling description of Al Shamal's lackluster efforts to comply with its discovery obligations and the orders of this Court. See Mot. to Withdraw at 6–7. And the Court takes seriously Mr. McMahon's reports that Al Shamal has provided "extremely delayed" responses to counsel's inquiries and continues to withhold responsive information nearly two years into discovery and despite the Court's Order compelling Al Shamal to answer plaintiffs' interrogatories in full. See Min. Order (Dec. 1, 2020). Now that the Court has resolved Mr. McMahon's motion to withdraw, it will reset Al Shamal's deadline to respond to those interrogatories. Because it is imperative that Al Shamal meet that deadline, Mr. McMahon shall make all efforts—both indirectly through Mr. Hashim and directly through all relevant bank contacts, including Mr. Mohamed and Mr. Ahmed—to ensure that copies of this Memorandum Opinion and the accompanying Order promptly reach the responsible officials at Al Shamal.

## Conclusion

In sum, the Court will deny Mr. McMahon's request to withdraw as counsel for Al Shamal for now. Not only does his motion fail to comply with Local Civil Rule 83.6, but the record also evidences at least some recent communication and cooperation between Al Shamal and Mr.

9

McMahon.  Furthermore, given the length of this case, Al Shamal's ongoing discovery obligations, and the lack of any substitute counsel, the Court concludes that Mr. McMahon's withdrawal would not serve the interest of justice at this time.  A separate Order will issue on this date.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated:  March 2, 2021